Filed 6/23/23  P. v. Miller
Opinion after transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JEROME MILLER,<br><br>Defendant and Appellant. | B308504<br><br>(Los Angeles County Super. Ct. No. NA002100) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion following transfer from Supreme Court.

In 1990, appellant Anthony Jerome Miller was convicted of second degree murder (Pen. Code, § 187, subd. (a))[1] and found to have personally used a dangerous and deadly weapon, a screwdriver (§ 12022, subd. (b)).  The court sentenced appellant to a prison term of 15 years to life for the murder, plus one year for the personal use enhancement.

In 2019, appellant filed a petition for resentencing pursuant to section 1172.6 (former section 1170.95).[2]  The trial court appointed counsel for appellant and ordered the People to respond.  In addition to arguing that section 1172.6 was unconstitutional, the People argued that appellant was ineligible for relief as a matter of law because he was the actual killer.  At a hearing on the petition, appellant's counsel conceded that appellant was the actual killer.  The court concluded appellant was ineligible for relief under section 1172.6 and denied the petition.

Appellant timely appealed, and we appointed counsel to represent him.  On January 8, 2021, appellate counsel filed a brief raising no issues and asking us to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We notified appellant that he had the right to file a supplemental brief, but did not advise him in that letter that his

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute.  We hereafter refer to the statute as section 1172.6.

appeal could be dismissed if he failed to respond. Appellant did not file a supplemental brief. On April 19, 2021, this court declined to independently review the record pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted, Oct. 14, 2020, S264278 and dismissed the appeal as abandoned. (*People v. Miller* (Apr. 19, 2021; B308504) [nonpub. opn.].)

The California Supreme Court granted review (case no. S268331) and held the case behind *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In *Delgadillo*, the court held that when appointed counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) The court also held that we retain discretion to independently review the record in any section 1172.6 appeal. (*Id.* at p. 232.)

On March 29, 2023, the Supreme Court transferred the matter back to this court with directions to vacate its decision and reconsider whether to exercise its discretion to conduct an independent review of the record or provide any other relief in light of *Delgadillo*. (See Cal. Rules of Court, rule 8.528(d).)

Appellant's counsel filed a supplemental brief requesting this court send appellant a letter complying with the notice requirements outlined in *Delgadillo*. The Attorney General filed a supplemental brief arguing that we should either send appellant a *Delgadillo* notice or "independently review the record,

3

which shows that appellant was ineligible for relief as a matter of law because he was the sole perpetrator and actual killer."

We exercise our discretion to conduct a *Wende* review (see *Delgadillo, supra,* 14 Cal.5th at p. 232) and conclude no arguable issues exist. As the trial court correctly noted, the record demonstrates appellant was the actual killer and is therefore ineligible for section 1172.6 relief as a matter of law.

## DISPOSITION

The order denying appellant's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, ACTING, P.J.


MORI, J.